UNITED STATES DISTRICT COURT

for the

District of Massachusetts

Richard A. Cole,　　　　　　　)
    Plaintiff　　　　　　　　　　)
    　　　　　　　　　　　　　　　) Civil Action No.
    v.　　　　　　　　　　　　　　)
    　　　　　　　　　　　　　　　)
Midland States Bank,　　　　　)
Midland States Bancorp, Inc. )
    Defendants　　　　　　　　　　)

## COMPLAINT

Plaintiff Richard A. Cole hereby files this Complaint against Defendants Midland States Bank and Midland States Bancorp Inc. to redress the damage he has suffered from both Midlands' violations of federal law including but not limited to violations of the Electronic Funds Transfer Act (EFTA), 15 USC 1693 *et seq* as well as related state and common law causes of action.

### PARTIES

1. Plaintiff Richard A. Cole (RA Cole), age 76, is disabled, homebound, and a resident of Essex County, Mass. residing at 32 Lake St, Amesbury, MA 01913.

2. RA Cole has been assigned any and all claims to relief from Jonathan S. Cole (JS Cole), the son of Richard A. Cole, who also is involved in this matter, and has suffered similar damages to RA Cole.

1

3. Assignment of causes of action is allowed under well settled US law. Vermont Agency of Natural Resources v United States *ex rel* Stevens, 529 US 765, 768, 778 (2000), Sprint Communications Co v APCC Services Inc, 554 US 269, 271 (2008).

4. Midland States Bank is a bank located in Effingham, IL 62401. Midland States Bank is a subsidiary of Midland States Bancorp Inc. located at 1201 Network Centre Drive, Effingham, IL 62401.

## JURISDICTION

5. This federal court has jurisdiction since the central issue is a violation of federal law and the remedies pursuant to it. The court also has concurrent jurisdiction of related state and common law causes of action related to the federal law violations.

## FACTS OF THE CASE

6. RA Cole on May 18, 2023, fell backward down a flight of twelve (12) stairs resulting in a fractured right hip, as well as sprains and strains of ankles, knees, and shoulders, along with broken teeth and a left eye injury. RA Cole was not able to walk on stairs until April 2024, and continues to have constant pain in the right hip. RA Cole relies on a walker to get about and cannot walk for long distances. RA Cole depends on JS Cole as his caretaker since RA Cole cannot drive and is homebound.

7. Both RA Cole and JS Cole opened personal checking accounts on or about August 2023, with Midland States Bank (hence Midland

Bank) based on an unsolicited email offer to open such an account and fulfill certain requirements and receive a bonus for maintaining such an account.

8. On March 22, 2024, a wire transfer was made into the account of JS Cole at Midland Bank in the amount of $4,000. Midland Bank clearly stated that the $4,000 was available. Much of this money was to pay for medical and dental expenses of RA Cole stemming from the injury noted above.

9. JS Cole attempted to make electronic transfers from this account to other accounts on seven (7) occasions. In each case Midland Bank refused to make the transfer without explanation damaging RA Cole who was to be the ultimate recipient of the money.

10. JS Cole and RA Cole sent 30 Day Demand Letters to Jeffrey G. Lustig, President of Midland States Bancorp, Inc. pursuant to Mass Gen Laws Chapter 93A demanding relief for the refusal to make the requested transfers.

11. Both Defendants refused to offer any relief. Two (2) dunning letters were sent in an attempt to reach a settlement. Both Defendants refused to engage in settlement.

## COUNT 1

### Blocked Electronic Fund Transfers

### Violation of EFTA, 15 USC 1693 *et seq*

12. Plaintiff hereby re-alleges and incorporates herein by

reference each and every allegation contained in the previous paragraphs as though fully set forth herein.

13. Both RA Cole and JS Cole were customers in good standing with Defendants and fully expected to have requests to transfer funds electronically to be done.

14. Defendants failed on seven (7) occasions to transfer funds as requested without explanation or remedy.

15. RA Cole and JS Cole were both damaged by this failure to make funds available.

16. The EFTA provides statutory damages of $100 - $1,000 for each failure of an electronic fund transfer as well as actual damages both of which can be trebled for bad faith as is the case here.

17. Cole seeks $7,000 in statutory damages and trebling of same.

18. Cole seeks $10,000 in compensatory damages outlined below in other counts including loss of use of money, emotional distress, elder abuse, etc, and trebling of same.

19. In sum, Plaintiff Cole demands compensatory, statutory, and treble damages for the willful and wanton violations of law by both Defendants along with attorney fees and costs.

### COUNT 2

**Violations of the Mass Consumer Protection Law,**

**MGL c 93A, § 2(c)**

20. Plaintiff hereby re-alleges and incorporates herein by

reference each and every allegation contained in the previous paragraphs as though fully set forth herein.

21. The Mass Consumer Protection Law which provides a remedy for Unfair and Deceptive Business Practices considers violations of federal law to be such unfair and deceptive practices and provides a remedy for same.

22. In addition, Mass has a law patterned after the EFTA which provides the same relief as the federal statute but with a four year statute of limitations. **MGL c 167B - Electronic Branches and Electronic Fund Transfers Act 209 CMR 31.00** *et seq*.

23. Cole seeks the same monetary relief under these laws as in Count 1.

### COUNT 3

**Intentional Infliction of Emotional Distress**

**Financial Exploitation of an Elderly Person**

**Elder Abuse, MGL c 19A, § 14-26**

24. Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation contained in the previous paragraphs as though fully set forth herein.

25. Mass law recognizes financial exploitation of an elderly person as a criminal charge, MGL c 265 sect 13K, but does not provide any private civil remedy.

26. The elderly are less able to tolerate abuse especially when they are injured and disabled as is the case herein.

5

27. RA Cole was in need of considerable medical and dental work that was not covered by insurance at the in question and relied on the blocked funds to pay for medical and dental care which was not done due to lack of funds.

28. The problems of continued pain from his fall, his bed to chair existence, and his inability to get needed dental care caused RA Cole considerable emotional distress.

29. RA Cole demands the sum of $10,000 for this needless pain and suffering due to the refusal of both Defendants to make electronic fund transfers as requested.

## COUNT 4

**Negligent Infliction of Emotional Distress**

**Financial Exploitation of an Elderly Person**

**Elder Abuse, MGL c 19A, § 14-26**

30. Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation contained in the previous paragraphs as though fully set forth herein.

31. Both Defendants caused considerable harm to RA Cole by refusing to provide electronic fund transfers as requested resulting in physical and emotional damage to RA Cole who was in need of medical and dental care not covered by insurance.

32. RA Cole demands the sum of $10,000 for this needless pain and suffering due to the refusal of both Defendants to make electronic fund transfers as requested.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiff Richard A. Cole, has outlined the facts and law relevant to his causes of action, he prays to the Court for the following relief.

1. Monetary award of statutory damages under either the EFTA or Mass Gen Laws c 93A in the amount of $7,000.

2. Actual compensatory damages for loss of funds, financial exploitation of an elderly person, as well as intentional or negligent infliction of emotional distress in the amount of $10,000.

3. Trebling of the total monetary damages of $17,000 cited above for a total of $51,000.

4. Award of attorney fees, costs and any other relief the Court feels is reasonable and just.

I declare under the penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

*/s/ Richard A. Cole/*

Richard A. Cole
32 Lake St.
Amesbury, MA 01913
tel. (978) 504-0095
email: racolemd@yahoo.com

Dated: February 18, 2025