United States District Court
District of Massachusetts

```
                                )
Richard A. Cole,                )
                                )
          Plaintiff,            )
                                )
     v.                         )      Civil Action No.
                                )      25-10216-NMG
Midland States Bank, et al.,    )
                                )
          Defendants.           )
                                )
                                )
```

MEMORANDUM & ORDER

GORTON, J.

This case arises from the complaint of pro se plaintiff Richard A. Cole ("plaintiff" or "Cole") alleging that defendants Midland States Bank ("the Bank") and Midland States Bancorp, Inc. ("Bancorp") (collectively, "defendants") violated his rights under the Electronic Funds Transfer Act, 15 U.S.C. §1693 et seq. ("EFTA"), and several state laws. Defendants have filed a motion to dismiss the complaint (Docket No. 19) and, for the following reasons, that motion will be allowed.

I. **Background**

The Bank is a financial institution and wholly-owned subsidiary of Bancorp. In August, 2023, Cole and his son Jonathan Cole ("Jonathan") both opened bank accounts at the Bank.

-1-

In March, 2024, a $4,000 deposit was credited to Jonathan's account at the Bank.  Despite the funds showing as available, the Bank denied each of Jonathan's seven attempts to transfer money to Cole's account, providing no explanation for its denials.  Cole alleges that the funds were intended to pay for his medical expenses and that the Bank's failure to execute the transfers as requested resulted in financial losses.

Cole and Jonathan then sent 30-day demand letters to Bancorp seeking relief under M.G.L. ch. 93A ("Chapter 93A"). Bancorp refused the demand and plaintiff filed the pending lawsuit in February, 2025.  Defendants filed their motion to dismiss in January, 2026, and plaintiff timely opposed.

## II.  **Motion to Dismiss**

### A. **Legal Standard**

Defendants have moved to dismiss the complaint under Fed.R.Civ.P. 12(b)(6).  To survive a motion to dismiss pursuant to Rule 12(b)(6), plaintiff must state a claim for relief that is actionable as a matter of law and plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the court can draw the reasonable inference that the defendant is liable. Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

## B. Application

Defendants first move to dismiss the complaint as to Bancorp on the grounds that Cole alleges misconduct only by the Bank, not the parent corporation.  Cole responds that Bancorp exercises control over the Bank, illustrated by the fact that a Bank representative responded to an email he directed to Bancorp's President.

Defendants are correct.  Parent corporations generally are not liable for the acts of their subsidiaries. United States v. Bestfoods, 524 U.S. 51, 61 (1998).  Plaintiff's allegation regarding his email communications is insufficient to show otherwise, and the claims against Bancorp will be dismissed.

The remaining claims against the Bank are analyzed in turn.

### i. Count I: EFTA

The Bank moves to dismiss the EFTA claims on the grounds that 1) Cole is not a "consumer" under the EFTA, 2) the alleged failed transfers do not give rise to an EFTA claim and 3) Cole has alleged no actual damages.

The Court agrees that Cole is not a "consumer" for purposes of the EFTA provision upon which he relies.  The EFTA provides that, under certain circumstances, a financial institution will be liable to a consumer for failing to execute an electronic fund transfer "when properly instructed to do so by the consumer." 15 U.S.C. § 1693h(a)(1) (emphasis added); see also

Driessen v. Natwest Bank PLC, No. 13-CV-00217 (MPS), 2013 WL 12073444, at *3 (D. Conn. Oct. 25, 2013) ("Section 1693h therefore applies where a consumer instructs his or her financial institution to transfer money from his or her account and to a third party but the financial institution fails to do so.") (emphasis in original); Bene v. Wells Fargo & Co., No. 22-CV-06783-DMR, 2023 WL 9595360, at *3 (N.D. Cal. June 30, 2023) ("Because Johnson claims that Wells Fargo failed to deposit funds into his account—as opposed to transfer funds outside of his account—the provisions of section 1693h do not appear to apply to Plaintiff's allegations."). The complaint makes clear that Jonathan, not Cole, instructed the Bank to make the transfers. Cole cannot, therefore, sue under that provision of the EFTA and defendants' motion to dismiss will therefore be allowed with respect to Count 1.[1]

To the extent that Cole alleges that Jonathan has assigned to him all claims arising from these facts, the Court is unpersuaded. Even assuming, arguendo, that such claims can be legally assigned, Cole has made no showing that Jonathan actually did so and the Court cannot accept the contention on faith.

---

[1] To the extent that Cole also brings a claim under the Massachusetts state-law analogue, M.G.L. c. 167B, §19, that claim will be dismissed for the same reason.

The Court notes that Cole, in his affidavit in support of his opposition to the motion to dismiss (Docket No. 25), relies on the output of generative artificial intelligence ("AI") to support his legal claim that he, as the intended recipient of a transfer, may sue under 15 U.S.C. §1693 et seq.  Instead of citing legal authority, Cole provides the Court with a screenshot of an "AI Overview" output, presumably from a Google search, indicating that the intended recipient of a failed electronic transfer may file a claim under the EFTA.  Not only is he, and the AI output, incorrect as explained above, but also his assertions to the Court amount to a material misrepresentation of the law.  That he is pro se makes the offense no less grievous and he is hereby admonished not to make such ill-founded misrepresentations in the future.

Because Cole is not a proper plaintiff under this provision of the EFTA, the Court declines to address defendants' alternative theories.

### ii. Count II: Chapter 93A

Count II of the complaint alleges that the failed transfers subject the Bank to liability under Chapter 93A §2(c).  Defendants move to dismiss that claim on the basis that, inter alia, Cole has alleged no behavior that could reasonably be considered unfair or deceptive.

Defendants are correct.  To succeed on a claim under Chapter 93A §2(c), plaintiff must allege conduct that 1) falls within the penumbra of some law or other established concept of unfairness, 2) is immoral, unethical, oppressive or unscrupulous and 3) results in substantial harm to consumers. PMP Assocs., Inc. v. Globe Newspaper Co., 366 Mass. 593, 596 (1975).  The alleged failed transfers are neither unfair nor immoral, and the motion to dismiss will therefore be allowed with respect to Count II.

### iii.  Count III and IV: Emotional Distress and Elder Abuse Claims

Counts III and IV make various claims of intentional and negligent infliction of emotional distress and elder abuse. Defendants move to dismiss on the grounds that the complaint alleges no facts to support emotional distress liability and that Massachusetts state law provides no civil cause of action for elder abuse claims.

Defendants are again correct.  First, plaintiff cites M.G.L. Ch. 19A in support of his claims of elder abuse and financial exploitation of an elderly person.  Chapter 19A provides no civil cause of action and such claims must therefore be dismissed. Young v. JPMorgan Chase Bank, N.A., 759 F. Supp. 3d 283, 288 (D. Mass. 2024).

-6-

With respect to the claims of negligent and international infliction of emotional distress, both theories of liability require some showing that a reasonable person would suffer emotional distress under the circumstances of the case. See Agis v. Howard Johnson Co., 371 Mass. 140, 145, (1976) (finding that intentional infliction of emotional distress requires a showing of emotional distress that "no reasonable man could be expected to endure"); Payton v. Abbott Labs, 386 Mass. 540, 557, 437 N.E.2d 171, 181 (1982) (finding that negligent infliction of emotional distress requires a showing that "a reasonable person would have suffered emotional distress under the circumstances"). The Court concludes that no reasonable person would experience emotional distress as the result of the several failed bank transfers complained of in this action. The motion to dismiss will therefore be allowed with respect to Counts III and IV.

### ORDER

For the forgoing reasons, the motion to dismiss (Docket No. 19) is **ALLOWED**.

**So ordered.**

_____
Nathaniel M. Gorton
Senior United States District Judge

Dated: June **1** , 2026

-7-